UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE: TERRY KEVIN HUFF et al.

21ST MORTGAGE CORPORATION,

      Appellant,

v.                                Civil Action no. 2:18-cv-00997

TERRY KEVIN HUFF and
PATRICIA SHERRY LEA HUFF,

      Appellees.

## ORDER

      Pending is an appeal of the May 20, 2018, order of the United States Bankruptcy Court for the Southern District of West Virginia, submitted August 21, 2018.

      In the "Analysis" section of the bankruptcy court's order, the bankruptcy court states that it found the testimony of debtors' expert, Eddie Estep, persuasive "regarding the extensive damage to the collateral" and the "size, location, and terrain of land, along with the lack of a septic system."  App. 268, 269.  The bankruptcy court also noted that the "appraisal price should be adjusted for the extensive damage that was evident in the home."  Id. at 269.

The bankruptcy court further stated in the Analysis
section that it considered appellant's expert, Robert Keck, to
have diminished credibility based on the substantial upward
adjustments he made in his valuation of the mobile home.  <u>Id.</u> at
268.  Additionally, the bankruptcy court stated that it did not
find persuasive the testimony of appellant's other expert,
Millard Ellis, regarding the value of the land.  <u>Id.</u> at 268-69.

In the "Conclusion" section the court referred to the
"Debtors' Appraisal," which is Debtor's Exhibit A and consists
of the appraisal by Mr. Estep wherein he specifies the value of
the mobile home to be $16,000.  <u>Id.</u> at 269.  Mr. Keck, on the
other hand, states the value of the mobile home as $44,500.
App. 145, 232.  The Collateral includes the mobile home and the
land.

The bankruptcy court in the Conclusion states:

> Based on the evidence adduced, and for the
> reasons set forth herein, the Court finds the
> valuation provided by Debtors' Appraisal and Mr.
> Keck's testimony persuasive.  Accordingly, the Court
> finds that the value of the Collateral is $28,000.

<u>Id.</u> at 269.

The Court of Appeals for the Fifth Circuit has stated
that "[l]imited remands play a useful, but restricted, role. We
grant a limited remand where we task a district court to answer
a discrete question necessary for resolution of an issue before

2

us." **M. D. by next friend Stukenberg v. Abbott**, 929 F.3d 272,
283 (5th Cir. 2019).  In **United States v. Rocha**, the Fifth
Circuit, due to the "lack of clarity in the record," ordered a
limited remand and directed the district court to make certain
findings necessary for resolution of the issue on appeal.  164
F. App'x 481, 482 (5th Cir. 2006).  The court based its decision
on Federal Rule of Appellate Procedure 10(e)(2)(C), which
states:

> If anything material to either party is omitted from
> or misstated in the record by error or accident, the
> omission or misstatement may be corrected and a
> supplemental record may be certified and forwarded:
>
> ***
>
> (C) by the court of appeals.

The court in **Rocha** retained jurisdiction of the appeal during
the pendency of the limited remand.  164 F. App'x at 482 (citing
**Wheeler v. City of Columbus**, 686 F.2d 1144, 1154 (5th Cir.
1982)).

    Inasmuch as Federal Rule of Bankruptcy Procedure
8009(e)(2) mirrors Federal Rule of Appellate Procedure 10(e)(2)
in all meaningful respects, it is ORDERED that this matter be,
and hereby is, remanded to the United States Bankruptcy Court
for the Southern District of West Virginia for the sole purpose
of ascertaining whether the reference to Mr. Keck in the

Conclusion, as quoted above, was intended.  This court retains
jurisdiction of this proceeding during this limited remand.

     The Clerk is directed to transmit this order to all
counsel of record and to the United States Bankruptcy Judge and
to remove this case to the inactive docket.

          ENTER: August 21, 2019

          John T. Copenhaver, Jr.
          Senior United States District Judge